**LAMP LIQUORS, INC., a Wyoming Corporation, Plaintiff,**

v.

**ADOLPH COORS COMPANY, a Colorado Corporation, and Cheyenne Beverage, Inc., a Wyoming Corporation, Defendants.**

No. C75–201.

United States District Court, D. Wyoming.

April 2, 1976.

John J. Rooney, of Rooney & Horiskey, Cheyenne, Wyo., for plaintiff.

Leo N. Bradley, of Bradley, Campbell & Carney, Golden, Colo., and Paul B. Godfrey, of Godfrey & Sundahl, Cheyenne, Wyo., for defendant Adolph Coors Co.

Bard Ferrall, Cheyenne, Wyo., for defendant Cheyenne Beverage, Inc.

## MEMORANDUM OPINION

KERR, District Judge.

In this private antitrust action plaintiff seeks to recover treble damages from Adolph Coors Company and Cheyenne Beverage, Inc., for alleged violation of 15 U.S.C. §§ 1, 2 and 3 (Sherman Act).

The relevant facts as disclosed by the complaint and received at the hearing for injunctive relief are not in dispute and may be summarized as follows:

Plaintiff is a retail liquor dealer holding a retail liquor license under the laws of the State of Wyoming and is a citizen of Wyoming. Defendant Cheyenne Beverage, Inc., is a Wyoming corporation doing business as a malt beverage wholesaler under a wholesaler's license issued by the Wyoming Liquor Commission and is the authorized distributor of Coors Beer for Laramie County, Wyoming. Adolph Coors Company (Coors) is a Colorado corporation doing business in Wyoming. Coors is engaged in the production and sale of malt liquor and beverages.

Plaintiff has purchased Coors' products for retail sale in Wyoming through Cheyenne Beverage, Inc., for many years. Recently, however, plaintiff arranged to resell these products to a Pennsylvania wholesaler (Paulco, Inc.) and to a Washington, D. C., wholesaler (House of Wines, Inc.), who have in turn resold it to retailers in Pennsylvania and the District of Columbia. When Cheyenne Beverage, Inc., learned of this arrangement, it reported it to the Wyoming Liquor Commission (Commission). The Commission informed Cheyenne Beverage that deliveries for this purpose by it may be a violation of the Wyoming laws regulating sales of alcoholic beverages which could result in revocation of Cheyenne Beverage's wholesale license. Cheyenne Beverage alleges that fear of this revocation is the reason it ceased deliveries of Coors' products to the plaintiff on or about October 15, 1975.

Plaintiff alleges that the refusal to continue to furnish Coors' products is the result of an unlawful combination and conspiracy between the defendants to unreasonably restrain and monopolize interstate trade and commerce. The alleged terms and objects of this conspiracy include (a) refusal to sell Coors' products to plaintiff and others similarly situated for resale to out-of-state wholesalers to whom Cheyenne Beverage cannot sell and to whom Coors will not sell; (b) establishing marking and care requirements for the plaintiff which are more extensive than those established for sale to others and which are impossible to meet; (c) preventing the product from being available to any member of the public wishing to purchase the same in Wyoming; (d) refusing to sell available product to the plaintiff and others similarly situated in quantity; and (e) limiting the customers to whom the plaintiff and others similarly situated may resell the product.

On October 29, 1975, the Court entered a Temporary Restraining Order and Order Setting Motion for Preliminary Injunction for Hearing. On November 10, 1975, the Court heard evidence of the plaintiff in support of its Motion for Temporary Restraining Order and evidence of the defendants in opposition thereto. Following the hearing the Court entered its Order Denying Preliminary Injunction, Dissolving Temporary Restraining Order and Setting Time for Answer. On December 15, 1975, Adolph Coors Company filed a Motion to Dismiss on the grounds that plaintiff does not have standing pursuant to 15 U.S.C. § 15 to initiate a private treble damage action and that the Complaint fails to state a claim upon which relief may be granted. It is this motion which is presently before the Court.

The Motion to Dismiss alleges that the plaintiff has failed to state a claim upon which relief can be granted. The Court at the hearing on the Motion to Dismiss refused to receive additional evidence so as to convert the motion to one for summary judgment. Since private antitrust actions are difficult to plead precisely prior to discovery, dis-

missal should be granted sparingly. See *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962); *Radovich v. National Football League*, 352 U.S. 445, 454, 77 S.Ct. 390, 395, 1 L.Ed.2d 456, 463 (1957).

There is little doubt that if the alleged conspiracy can be shown, it would constitute a violation of the provisions of the Sherman Act. The type of vertical restraint by Coors of its distributor Cheyenne Beverage alleged in plaintiff's complaint would be an illegal restraint of trade. The Supreme Court has held that such vertical restraints on customers to whom a retailer may sell is a per se violation of the antitrust laws. Since sales of Coors' products to Cheyenne Beverage are f. o. b. the Coors' plant in Golden, Colorado, Cheyenne Beverage acquires title and assumes all risk of loss at that point. Any limitation by Coors of the retailer plaintiff's sales would be unlawful. See *United States v. Arnold, Schwinn and Co.*, 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), which established the rule of law that

> "Once the manufacturer has parted with title and risk, he has parted with dominion over the product, and his effort thereafter to restrict territory or persons to whom the product may be transferred—whether by explicit agreement or by silent combination or understanding with his vendee—is a *per se* violation of § 1 of the Sherman Act." 388 U.S. at 382, 87 S.Ct. at 1867, 18 L.Ed.2d at 1262.

The Tenth Circuit held that a system of vertical controls which was essentially the same as that alleged to exist in this action, was a per se violation. *Adolph Coors Company v. F. T. C.*, 497 F.2d 1178 (1974). It is interesting to note that the Court apparently was not pleased with the result. In dictum the Court suggests that the Supreme Court should consider creation of an exception to the Schwinn rule when a product is unique and when the manufacturer can justify its territorial restraints. Coors has alleged justification exists in this case due to the ne-

cessity for controlling the quality of its perishable product.

If no other conditions exist to defeat the plaintiff's claim, it would appear that the complaint states a claim under the Sherman Act for which relief could be granted. In this case, however, other questions as to sufficiency are raised because the commodities involved are alcoholic beverages.

█ The Twenty-First Amendment gives the states authority to regulate traffic in liquor within their borders. The Commerce Clause is subordinate to this authority and the Sherman Act, which derives its power from the Commerce Clause, is also subordinate to state regulation. The validity of a claim under the Sherman Act relating to intoxicating liquors depends upon the application of state laws enacted under the Twenty-First Amendment. See *U. S. v. Frankfort Distilleries*, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 951 (1944).

█ In *Hostetter v. Idlewild Liquor Corp.*, 377 U.S. 324, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1963), the Supreme Court held that state regulations attempting to tax alcoholic beverage in foreign commerce were beyond the authority of the Twenty-First Amendment. But in the same opinion the Court states that "a State's power to restrict, regulate, or prevent the traffic and distribution of intoxicants within its borders has remained unquestioned." Id., at 330, 84 S.Ct. at 1297, 12 L.Ed.2d at 355.

█ The complaint alleges that the plaintiff holds a basic permit as a retail liquor dealer and also as a wholesaler from the United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, pursuant to the Federal Alcohol Administration Act. There is some question as to the accuracy of this statement, but even assuming its validity the pre-eminent nature of state regulation limits activities under such licenses to those activities which are also authorized by the applicable state laws.

An examination of the Wyoming laws relating to alcoholic beverages persuades

this Court that plaintiff Lamp Liquors cannot legally engage in wholesale operations within this state and that its sales to the Pennsylvania and Washington, D. C., distributors cannot be regarded as retail sales.

Section 12–1, Wyo.Stat. (1957), declares that it is "a public policy in the State of Wyoming that the traffic in spirituous, fermented and malt liquors should be regulated to the extent of prohibiting all traffic therein except as hereinafter provided, and no sale at retail of such liquors may be consummated in the state except in compliance with the provisions hereof."

■ This section constitutes Wyoming's election to employ the authority granted to it by the Twenty-First Amendment to completely pre-empt the area. All trade in alcoholic beverages is forbidden unless it is expressly authorized by Title 12 of the Wyoming Statutes.

■ As previously stated, Lamp Liquors operates under a retail liquor license, but has been making substantial sales to two eastern wholesalers.[1] Wyoming Statutes, § 12–2(d), defines retail liquor licenses:

"(d) *Retail liquor license.*—The words 'retail liquor license' shall mean the authority under which a retailer shall be permitted to sell alcoholic and/or malt beverages for use or consumption *but not for resale.*" (Emphasis supplied)

and § 12–2(n) defines retailer:

"(n) *Retailer.*—The word 'retailer' means a person who sells or offers for sale any alcoholic or malt beverage for use or consumption *and not for resale.*" (Emphasis supplied) ·

It is evident from these sections that Lamp Liquors is not authorized to make sales for resale under its retail liquor license. The only other class of sales

permitted by the Wyoming Statutes, which have pre-empted the area, are wholesale sales of malt beverages.

Wyo.Stat. § 12–21 provides the exclusive authority under which wholesale sales may be made:

"§ 12–21. *Wholesale license for sale of malt beverages.*—A wholesale license for the sale of malt beverages only, may be granted exclusively to breweries and wholesale malt liquor dealers resident within this state who shall have sole right to make such sales. Any qualified person desiring such license shall make application on the forms prescribed to the Wyoming liquor commission therefor. Each applicant shall submit to the commission a statement under oath designating clearly the geographical territory within which the applicant will sell malt beverages to qualified retail liquor and malt beverage licensees or permittees, the territory to be designated by the brewer or brewers whose product the applicant sells, stating that malt beverages sold by the applicant may be purchased by all retail liquor licensees or malt beverage licensees, and stating that the applicant will maintain a warehouse and delivery facilities within the territory designated. . . ."

■ While the plaintiff does not claim to have made an attempt to secure a Wyoming wholesale license, the statutes provide that such a license will not be issued to a liquor retailer. Sections 12–22 and 12–26 prohibit any wholesaler of alcoholic or malt beverages from holding any interest in any retail liquor license or in any premises where alcoholic beverages are sold under a retail liquor license. In addition § 12–9(C)(4) provides that a retail liquor license shall not be issued or transferred to a wholesaler of malt beverage. These three statutes clearly indicate that the Wyo-

---

1. Mr. Milton L. Nation, owner of Lamp Liquors, Inc., testified at the hearing for a Preliminary Injunction that he had sold for resale 21,245 cases of beer to House of Wines, Washington, D. C., for a price of $119,759.50 and that he had sold $146,229.23 worth of beer to

Paulco, Inc., in the State of Pennsylvania, between July 1974 and September 29, 1975.

Plaintiff's Exhibit 10 provides details of the sales for this period. The total number of cases of beer sold was 48,209 at a total price of $265,988.73.

ming legislature regarded separation of the wholesaler and retailer functions necessary to protect the health and welfare of Wyoming citizens.

 The plaintiff, here, is seeking to use the provisions of the Sherman Act to protect a form of business transaction which is condemned by the language of Wyoming Statutes, Title 12. The antitrust laws should not be enforced in a manner which conflicts with state laws enacted under the Twenty-First Amendment. *United States v. Frankfort Distilleries,* supra. Since the plaintiff is not entitled to the protection of the antitrust laws in this action where enforcement would result in conflict with state laws enacted pursuant to the Twenty-First Amendment, the Motion to Dismiss for failure to state a claim upon which relief may be granted should be sustained.

 The same conclusion is reached if the problem is approached on the issue of standing to initiate a private treble damage action. In order to have standing under 15 U.S.C. § 15, a plaintiff must allege injury to a business or property interest by reason of acts or conduct which are prohibited by the antitrust laws. Whether the plaintiff has property which if injured would authorize a treble damage action depends upon whether what the plaintiff possessed was deserving of legal protection. *Martin v. Phillips Petroleum Co.,* C.A.Tex. 5th Cir. 1966, 365 F.2d 629, cert. denied, 385 U.S. 991, 87 S.Ct. 600, 17 L.Ed.2d 451. The business interest which plaintiff seeks to protect violates state liquor control laws and these violations would justify suspension or revocation of Lamp Liquor's retail license under § 12–28, Wyo.Stat. Accordingly, the plaintiff's property or business interest is in conflict with state law and not deserving of legal protection. Since the plaintiff lacks the necessary business or property interest, he also lacks standing to initiate this suit.

From what I have said, an order sustaining the motion to dismiss should be entered accordingly.